UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **NICOLE HEGYI, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6430** |
| **CINDY GOMEZ, ET AL** | **SECTION "H"(2)** |


### ORDER AND REASONS

Before the Court are a Motion for Entry of Default (Doc. 28), a Motion for Judgment on the Pleadings (Doc. 29), and a Motion for Extension of Time to Answer (Doc. 32).  For the following reasons, the Motion for Entry of Default is DENIED, the Motion for Judgment on the Pleadings is DENIED WITHOUT PREJUDICE, and the Motion for Extension of Time to Answer is GRANTED.


### BACKGROUND

Plaintiffs filed this action against several U.S. Government Defendants on November 18, 2013.  Plaintiffs assert a claim for mandamus relief and a claim for relief based on Defendants'

1

alleged violation of the Freedom of Information Act, 5 U.S.C. § 552, *et seq*. Defendants were served with the lawsuit between November 21 and 26, 2013.[1] Defendants have 30 days from service to file responsive pleadings regarding the Freedom of Information Act ("FOIA") claim. *See* 5 U.S.C. § 552 (a)(4)(C). As to the mandamus claim, Defendants have 60 days from service to file responsive pleadings. *See* Fed. R. Civ. Pro. 12(a). On December 23, 2013, Defendants filed a Motion to Sever Plaintiffs' two claims. The following day, Plaintiffs filed a Motion for Entry of Default. On December 25, 2013, Plaintiffs filed a Motion for Judgment on the Pleadings. On January 2, 2013, the Government filed an opposition to the Motion for Entry of Default and a Motion for Extension of Time to Answer.

**LEGAL STANDARD**

The failure of a party to "plead or otherwise defend" a claim will ordinarily subject that party to entry of default. Fed. R. Civ. Pro. 55. The aggrieved party may then apply to the Court, or in certain cases the clerk, for a default judgment. *Id*. "Generally, the entry of default judgment is committed to the discretion of the district judge." *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir.

---

[1]There are five defendants to this action. Alejandro Mayorkas, Director of U.S. Citizenship and Immigration Services, was served on 11/26/2013. Cindy Gomez, District Director, U.S. Citizenship and Immigration Services, was served on 11/21/2013. The Department of Justice, through the Attorney General, was served on 11/25/2013. The U.S. Department of Homeland Security was served on 11/25/2013. Stanley Crockett, Field Office Director, New Orleans Field Office, U.S. Citizenship and Immigration Services, was served on 11/21/2013. The U.S. Attorney for the Eastern District of Louisiana was served on 11/22/2013.

1977). "[D]efault judgments are disfavored and should generally not be granted without more than a defendant's failure to meet a procedural time requirement." *Nwakanma v. Rodriguez*, 122 F. App'x 765, 768 (5th Cir. 2004) (citing *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)). This policy is especially applicable where the Government is the defendant. "When the government's default is due to a failure to plead the court typically either will refuse to enter a default or, if a default is entered, it will be set aside." *Mason*, 562 F.2d at 345. (internal quotation marks omitted). Furthermore, Rule 55(e) provides: "No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."

## LAW AND ANALYSIS

### I. Entry of Default

Rule 55 requires the clerk to enter a default where a party has failed to "plead or otherwise defend" prior to the deadline to answer the complaint. In this case, the Government's deadline to answer the mandamus claim is January 21, 2014. Therefore, as to the mandamus claim, the Motion for Entry of Default is clearly premature. As to the FOIA claim, the Government's deadline to answer was December 23, 2013. On that date, the Government filed a Motion to Sever Plaintiffs' claims.

In *Mason v. Lister*, a federal employee sued the Government asserting various employment

3

related claims.  *Mason,* 562 F.2d at 344–45.  The Government responded with a Rule 12 motion. *Id*. at 345.  Following denial of the motion, the Government failed to timely file responsive pleadings and the plaintiff sought a default judgment.  *Id*.  The district court declined to enter a default judgment because the Government was engage in a active defense of the case and the Fifth Circuit affirmed.  *Id.* ("Since the government responded to the motion for default judgment promptly, indicating that it had not abandoned the litigation . . . the refusal to enter the default was not an abuse of discretion.").

The Court finds the reasoning in *Mason* persuasive.  In this case the Government is actively engaged in defending Plaintiffs' claims.  It filed a Motion to Sever prior to the responsive pleading deadline, promptly responded to the Motion for Entry of Default and sought an extension of time to answer despite its position that the Motion to Sever tolled the time to answer.  Accordingly, the Motion for Entry of Default is DENIED.

### II. Judgement on Pleadings

Rule 12(c) provides that a party may move for judgment on the pleadings, after pleadings are closed but early enough not to delay trial.  Fed. R. Civ. P. 12(c).  Since the Court concludes that the pleadings are not closed, this motion is premature and is DENIED WITHOUT PREJUDICE.

### III. Extension of Time to Answer

In light of the current procedural posture of this case, the Government's Motion for Extension of Time to Answer is GRANTED.  Defendants shall file responsive pleadings no later than

14 days following the Court's order on the Motion to Sever.

## CONCLUSION

For the foregoing reasons, the Motion for Entry of Default is **DENIED,** the Motion for Judgment on the Pleadings is **DENIED WITHOUT PREJUDICE** and**,** the Government's Motion for Extension of Time to Answer is **GRANTED**.  Defendants shall file responsive pleadings no later than 14 days following the Court's order on the Motion to Sever.

New Orleans, Louisiana, this 2nd day of January, 2014.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

5